# Attachment

# A

# PROCEDURE 6 SUMMARY OF
# UNITED STATES' RESPONSE IN OPPOSITION

**I.  The evidence was lawfully seized pursuant to a search warrant and the government has established a procedure adequate to protect ERHC's potentially privileged materials.**

The court should dismiss ERHC's motion because it has failed to demonstrate the extraordinary circumstances necessary to warrant this Court's exercise of its equitable jurisdiction and order return of documents seized pursuant to a facially valid search warrant. See <u>United States v. In re Search of Law Office, Residence, and Storage Unit Alan Brown</u>, 341 F.3d 404, 409 (5th Cir. 2003) (reversing district court's determination that jurisdiction existed over movant's pre-indictment Rule 41 request to return and suppress documents). First, ERHC has not shown a "callous disregard" for its constitutional rights because the government obtained a search warrant based on a detailed affidavit, properly executed the search warrant, complied with ERHC's requests to copy documents, and instituted careful privilege screening procedures. Moreover, ERHC cannot demonstrate irreparable injury from the government's possession of the documents because the government permitted ERHC to copy the materials seized and instituted a taint team to protect ERHC's privileged materials from reaching the prosecution team. Finally, ERHC's claims should be deferred and resolved if and

1

when an indictment is returned to avoid piecemeal litigation of Fourth Amendment issues.

The use of a taint team, as proposed by the government, adequately protects ERHC's potentially privileged materials. The government has taken appropriate precautions to protect these materials, prior to, during, and subsequent to the execution of the search. ERHC will have the opportunity to challenge the taint term's determinations of privilege *prior* to the segregated materials being viewed by the prosecution team. Because the prosecution team will not have access to privileged materials, ERHC will not be prejudiced. See Weatherford v. Bursey, 429 U.S. 545, 556-58 91977).

This exact procedure was endorsed by another district court. United States v. Grant, 2004 WL 1171258, *1-3 (S.D.N.Y. May 25, 2004) (approving procedure proposed by the government in this case). Furthermore, taint teams have been used in this circuit under similar circumstances without negative comment or criticism from the Fifth Circuit Court of Appeals. See Brown, 341 F.3d at 407 (noting, without criticism, that a government taint team was used to resolve privilege issues and refusing to exercise pre-indictment jurisdiction over motion to return documents).

ERHC's request to appoint a special master or implement court review of all

118 boxes and four hard drives should be rejected because it will impede the investigation by denying the government access to the documents while this time-consuming procedure is completed; deny the FBI computer analysts the opportunity to recover deleted or destroyed files; and prevent the government from participating in the process. Moreover, this case does not implicate the Sixth Amendment, and thus, does not warrant such extraordinary procedures.

## II. Under clear Fifth Circuit precedent, ERHC has no constitutional right to access to the affidavit pre-indictment.

A target of an investigation has no Fourth Amendment right to examine the affidavit supporting a search warrant prior to indictment. In re Grand Jury Proceedings, 115 F.3d 1240, 1246 (5th Cir. 1997). In the alternative, a compelling government interest exists—protecting the integrity of the ongoing criminal investigation—and overrides any qualified right to access the affidavit. Search Warrants in Connection with Investigation of Columbia/HCA Health Care Corp., 971 F. Supp. 251, 253 (W.D. Tex. 1997) (affidavit maintained under seal because disclosure would provide a "roadmap of the investigation" to its targets, "seriously compromis[ing] the integrity and effectiveness of the ongoing investigation"). Here, the government's specific concerns are outlined in a supplemental brief filed ex parte and under seal.

3