IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In The Matter Of The Search of 5444 Westheimer Road Suite 1570, Houston, Texas, on May 4, 2006 | § § § § § Misc. Action No. H-06-238 |

ORDER

Pending before the Court is ERHC Energy Inc.'s Motion for Return of Property, To Enjoin Government Review of Seized Documents and Computer Images Pending Judicial Review, and To Unseal Affidavit in Support of Search Warrant (Document No. 1). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied, and the action should be dismissed.

BACKGROUND

On May 3, 2006, a Federal Bureau of Investigation ("FBI") special agent applied for a search warrant for the offices of ERHC Energy Inc. ("ERHC"), located at 5444 Westheimer Road, Suite 1570, Houston, Texas. A United States Magistrate Judge in the Southern District of Texas, after reviewing the special agent's thirty-nine page affidavit, which is currently under seal, signed the search warrant. The warrant authorized seizure of numerous categories of evidence and further authorized imaging of computers. On May 4, 2006, the FBI executed the search warrant, seized 118 boxes

of materials, and imaged the hard drives of four computers.[1] During the search, ERHC attorneys present at the scene attempted to assert attorney-client privilege over certain documents. The FBI nevertheless seized these materials.

The Government asserts that, prior to executing the search warrant, FBI agents received instructions to segregate any documents potentially covered by the attorney-client privilege. According to the Government, eight of the 118 boxes were segregated because they contain potentially privileged material. As will be discussed later, all the documents and imaged hard drives are to be reviewed by what the Government calls a "taint team" composed of a Department of Justice attorney and an FBI agent.

On June 9, 2006, ERHC filed the instant motion asking the Court to, *inter alia,* order return of the documents seized and enjoin governmental review of the documents and computer hard drives seized until the Court determines an appropriate review mechanism that would protect any potentially privileged materials. ERHC further requests that the Court unseal the affidavit forming the basis for the May 3, 2006, search warrant. The Government opposes all requested relief and asks the Court to

---

[1] ERHC, in its motion, avers that the Government refuses to give it copies of the documents taken. The Government, in its response to the motion, indicates that the parties, subsequent to ERHC's filing of the motion, resolved this dispute, and ERHC has received copies of the documents.

2

dismiss the action.

## LAW AND ANALYSIS

**Return of Privileged Documents and Imaged Computer Drives**

ERHC seeks an order directing the Government to turn over all potentially and facially privileged paper documents.[2] Moreover, it seeks return of all imaged computer hard drives. ERHC directs the Court to Rule 41(g) of the Federal Rules of Criminal Procedure, which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . . If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g). The Fifth Circuit recognizes that the district court may entertain a "pre-indictment motion for return of property if the government callously disregarded a search warrant victim's constitutional rights." *See United States v. In re Search of Law Office, Residence, and Storage Unit Alan Brown,* 341 F.3d 404, 409 (5th Cir. 2003). In *Richey v. Smith,* 515 F.2d 1239 (5th Cir. 1975), the Fifth Circuit laid out a non-exhaustive list factors a court should consider when deciding whether or

---

[2]A substantial part of ERHC's argument is that the Government's proposed taint team review of the documents will not sufficiently protect the attorney-client privilege. Although closely related to ERHC's argument that it is entitled to return of certain materials, the Court will discuss the validity of the Government's review procedures separately.

not to exercise pre-indictment jurisdiction over a claim for return of property. The factors a court should consider include: 1) whether the Government displayed callous disregard for constitutional rights; 2) whether the movant has an individual interest or need in the property; 3) whether the movant would suffer irreparable injury without return of the property; and 4) whether the movant has an adequate remedy at law. *Id.* at 1243-44. Recently, the Fifth Circuit reaffirmed that a party moving for pre-indictment relief under 41(g) must, at the very least, make a "substantial showing of irreparable harm." *In re Search of Law Office,* 341 F.3d at 414.

ERHC avers that the Government unlawfully seized the documents and the imaged computers because these items contain information subject to the attorney-client privilege. Applying the above noted factors, the Court declines to exercise jurisdiction over the claim and accordingly declines to order the Government to return these materials before conducting a privilege review. First, ERHC has not shown callous disregard by the Government. The items recovered from ERHC's offices were taken pursuant to, and within the scope of, a search warrant issued by a United States Magistrate Judge. *See Hunsucker v. Phinney,* 497 F.3d 29, 34 (5th Cir. 1974) (finding no callous disregard for constitutional rights because the conduct under attack was taken pursuant to a search warrant). Thus, the Court finds no callous disregard for ERHC's constitutional rights.

4

With respect to the second factor, the Government does not contest that ERHC has a need or interest in the documents sought.

In an attempt to show irreparable injury, ERHC makes broad generalized arguments and appears to argue that the Government's seizure of potentially protected documents constitutes irreparable harm *per se*. However, ERHC fails, beyond general allegations, to show how it will be irreparably harmed if the Government fails to return the requested materials. Such vague arguments and assertions that seized items are subject to attorney-client privilege cannot, without more, demonstrate the requisite showing of irreparable injury. *See In re Search of Law Office,* 341 F.3d at 414.

Fourth, ERHC asserts that the instant motion is the only avenue upon which it can procure return of the requested items. According to the Government, however, ERHC has received copies of these materials. Moreover, as will be discussed further, the Government will return any documents that are actually privileged after it has made a privilege determination.

Based on the foregoing, the Court declines to exercise jurisdiction over the ERHC's claim for pre-indictment return of property prior to privilege review and denies ERHC's requested relief.

**Government Review of Potentially Privileged Materials**

The Court's determination that ERHC is not entitled to return of its potentially

privileged documents does not end the Court's inquiry. ERHC also asks the Court to prevent the Government from reviewing any potentially privileged materials until the Court has approved a procedure for determining which seized items are subject to the attorney-client privilege. ERHC takes issue with the Government's proposed taint team procedure for reviewing potentially privileged materials. Instead, it proposes that the Court appoint a special master to review all seized materials, and return to ERHC any privileged materials before allowing the Government to continue its investigation.

The Court will begin its analysis with an examination of the Government's proposed taint team procedures. A taint team, composed of a Department of Justice attorney and an FBI agent, neither of whom are part of the prosecution team, will review all the 118 seized boxes of materials, including the eight boxes segregated and identified as containing potentially privileged materials.[3] The taint team will notify ERHC once it has identified all potentially privileged documents. At that time, all privileged documents will be returned to ERHC. The taint team will retain all potentially privileged documents it concludes are not actually privileged. In such instances, ERHC will have the opportunity to challenge the taint team's privilege determination in Court before the documents are given to the prosecution team.

---

[3] Originally, the Government proposed that the taint team would review only those documents previously identified as potentially privileged. It has since offered to have all seized materials, including the imaged hard drives, reviewed by the taint team.

6

Other courts have upheld the use of taint team procedures. *See, e.g., United States v. Grant,* No. 04 CR 207BSJ, 2004 WL 1171258 (S.D.N.Y. May 25, 2004).[4] In *United States v. Grant,* the court approved the use of a taint team procedure similar to the one proposed at bar where the members of the taint team would not be involved in the prosecution, and the defendants would have the opportunity to object to any privilege determinations made by the taint team. *Grant,* 2004 WL 1171258, at *1. Thus, any such unresolved privilege issues would ultimately be resolved by the Court. *Id.* The *Grant* court reasoned that such review procedure did not prejudice defendants because the Court would resolve any disputes before materials were turned over to the prosecution team. *Id.* Moreover, the court opined that "permitting the Government's privilege team to conduct an initial review of the documents will narrow the disputes to be adjudicated and eliminate the time required to review the rulings of a special master or magistrate judge. . . ." *Id.* at *3.

After examining the facts of the instant case and the Government's proposed taint team procedure, the Court will permit the Government to commence reviewing the

---

[4] Although the Fifth Circuit decision in *In re Search of Law Office* did not directly involve the use of a taint team procedure, the court discussed the procedure without criticism. 341 F.3d at 407-09. The Court notes, however, that neither party cites a Fifth Circuit case either directly approving or disapproving the use of the procedure.

materials through use of the proposed taint team procedure.[5] In so holding, the Court recognizes that other courts have questioned and/or rejected the use of the taint team procedure. *See In Re Search of the Scranton Hous. Auth.,* No. 04 Misc. Nos. 318-322, 2006 WL 1722565, at *5 (M.D. Pa. June 22, 2006) (citing various cases questioning or rejecting taint team procedures); *see also In Re Search Warrant of Law Offices Executed on March 17, 1992*, 153 FRD 55 (S.D.N.Y. 1994). The Court nevertheless determines that such procedure will allow expeditious review of all seized documents, will allow the Government to continue with its investigations, and will nevertheless allow the Court, at ERHC's request, to resolve ultimate privilege disputes before any potentially privileged materials are disclosed to the prosecution team. Although the Court determines the Government's proposed taint team procedure will sufficiently protect any potentially privileged documents, it echoes the sentiments voiced in *Grant* and reinforces that its decision "is based upon the expectation and presumption that the Government's privilege team and the trial prosecutors will conduct themselves with

---

[5]Specifically, the taint team shall be composed of an attorney and an agent not otherwise involved in the investigation or prosecution of the case. The taint team shall review <u>all</u> seized documents and imaged hard drives and segregate any potentially privileged information. The taint team shall notify ERHC once it identifies all potentially privileged materials. All privileged materials shall be returned to ERHC. The taint team shall notify ERHC of its determination that a potentially privileged document is not privileged. ERHC may challenge this determination to the Court before such time the potentially privileged document is disclosed to the trial team.

integrity." *Grant,* 2004 WL 1171258, at *3.[6]

**Unsealing the Affidavit**

ERHC asks the Court to unseal the affidavit forming the basis for the search warrant.[7] It asserts it cannot challenge whether the Government established probable cause necessary to procure the warrant without viewing the unsealed affidavit. It further avers that the Fourth Amendment protects its right to examine the affidavit forming the basis for the search warrant. ERHC requests that the Court adopt the reasoning of other circuits and require that the Government demonstrate a compelling interest to keep the affidavit sealed. *See, e.g., In re Search of Up North Plastics, Inc.,* 940 F. Supp. 229 (D. Minn. 1996) ("The government must make a specific factual showing of how its investigation will be compromised by the release of the affidavit. . . .").

ERHC's argument fails to give sufficient weight to the Fifth Circuit opinion in *In re Grand Jury Proceedings,* 115 F.3d 1240 (5th Cir. 1997), wherein the court recognized that no Fourth Amendment right exists to access a sealed affidavit before

---

[6] The Court's approval of the taint team procedure should in no way be interpreted as foreclosing ERHC from, if applicable, filing a motion to suppress at a later time. *See In Re Search of the Scranton Hous. Auth.*, 2006 WL 1722565, at *6 ("if counsel for the movant believes that any documents retained by the government are in fact privileged, a motion to suppress the use of that evidence may be appropriate after an indictment is returned.").

[7] The Court notes it has reviewed the affidavit forming the basis of the search warrant *in camera.*

indictment. Moreover, although the Court disagrees that a showing of a compelling interest is required to keep an affidavit sealed in this circuit, it concludes that the Government has, through its sealed submissions to this Court, demonstrated it has a compelling interest in keeping the affidavit sealed and that its investigation would be jeopardized if the Court unsealed the affidavit. Accordingly, the Court declines to order that the affidavit be unsealed at this time. Given the foregoing, the Court hereby

ORDERS that ERHC Energy Inc.'s Motion for Return of Property, To Enjoin Government Review of Seized Documents and Computer Images Pending Judicial Review, and To Unseal Affidavit in Support of Search Warrant (Document No. 1) is DENIED. The Court further

ORDERS that the instant action is DISMISSED.

SIGNED at Houston, Texas, on this 6th day of July, 2006.

_David Hittner_

DAVID HITTNER

United States District Judge